(88 South. 693)

No. 24570.

## STATE v. SIKES.

(May 2, 1921.   Rehearing Denied May 30, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Witnesses ⊜⇒277(5)—Cross-examination of defendant held relevant to matters involved in direct examination.**

Where defendant, prosecuted for robbery, and convicted of larceny, relied on an alibi, testifying in his own behalf, was only asked if he was the person who on the night involved robbed another, cross-examination as to whether he was not in the town on that day was relevant.

**2. Witnesses ⊜⇒330(1)—Question to defendant on cross-examination allowable as testing credibility.**

In a prosecution for robbery, resulting in conviction of larceny, the trial court's ruling in permitting the district attorney to ask defendant on cross-examination as to whether he recalled when he and the sheriff were in the woods that he denied having a gun was proper; the question being allowable in testing the credibility of defendant.

**3. Criminal law ⊜⇒470—Question to sheriff improper as calling for his opinion as to guilty person.**

In a prosecution for robbery, resulting in conviction of larceny, question of the district attorney to the sheriff of a parish, a witness for the state, as to how long it was after he decided who the guilty person was before defendant was arrested, was improper as calling for the opinion of the witness as to the guilty person, a matter exclusively for the jury's decision.

**4. Criminal law ⊜⇒1170½(1)—Question tending to elicit opinion evidence held harmless.**

In a prosecution for robbery, resulting in conviction of larceny, question to the sheriff involving his opinion as to who was the guilty party was harmless, where the opinion of the sheriff was not given to the jury, and the court instructed the jury to disregard any and all opinion evidence in the record.

Appeal from Second Judicial District Court, Parish of Webster; Robert Roberts, Jr., Judge.

Roy Sikes was convicted of larceny, and he appeals. Affirmed.

Thomas W. Robertson, of Shreveport, and R. F. Langston, of Minden, for appellant.

A. V. Coco, Atty. Gen., R. H. Lee, Dist. Atty., of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. The accused was indicted for robbery and found guilty of larceny. He bases his appeal upon a motion in arrest of judgment and five bills of exceptions.

The motion in arrest of judgment was waived in the oral argument.

[1] The first three bills of exceptions were

taken to the rulings of the court in permitting the district attorney on cross-examination to ask the defendant, who had taken the witness stand in his own behalf, certain questions, because, as alleged by counsel for defendant, the questions asked had no connection with matters stated by the witness in his direct examination; the questions had no tendency to test the credibility or veracity of the witness.

It appears from the bill that the only question asked defendant while on the witness stand was, "Were you the person who on the night of January 15, 1921, at Sibley, La., robbed T. W. Tooke, at about 11 o'clock p. m.?" to which the witness answered, "I was not."

The district attorney, on cross-examination, asked the witness, among other things, "Were you not in Sibley armed on that day?" "How were you dressed?" "Were you in Sibley that night?" meaning the night of January 15, 1921.

The court in the bill says:

"The defense relied upon by the accused was an alibi. There was no question as to the fact that some person dressed in a drab-colored army slicker, army shirt and boots, and armed with a pistol, had robbed T. W. Tooke at Sibley about 11 o'clock p. m. Sibley is a small station on the V., S. & P. Railroad. The defendant, having been sworn as a witness, was subject to cross-examination on all matters relating to the question as to whether he was the person who committed the robbery. The court deemed the questions as to the defendant's presence in Sibley on the day and night of the robbery, his dress, and his having been fully armed related to the matter put at issue by the question asked him by his counsel."

We think with the district judge that the questions had direct relevancy to that propounded by defendant's counsel. They went to attack his veracity and credibility and to show that he was in Sibley at the time referred to, and that the testimony in support of his alibi was false and untrue. This was a material issue in the case.

[2] Bill No. 4 was reserved to the ruling of the court in permitting the district attorney to ask the witness on cross-examination:

"You recall when you and Mr. Phillips (alluding to the sheriff of Webster parish, La.) were in the woods that you denied having a gun?"

The same objection was made by counsel for defendant as has been noted to the previous questions. The court said:

"The accused as a witness had just admitted being in Sibley armed with a pistol the day and night of the robbery, and the question above referred to in the court's opinion was admissible under the latitude allowable in testing the credibility of the witness, and admitted the testimony."

There was no error in the ruling of the judge.

[3, 4] Bill of exceptions No. 5 was taken to a question of the district attorney to the sheriff of Webster parish, who was a witness on behalf of the state. It was not taken to any ruling of the court, because, the objection being made, the court ruled the question out of order and it was not answered. The question propounded by the district attorney to the sheriff was:

"How long, after you decided whom the guilty party was, was it before this defendant was arrested?"

The bill proceeds to say that—

The question "involved an expression of opinion on the question the jury was called to decide. The circumstances under which the question was asked were as follows: The defendant's counsel had asked a great many questions concerning a delay of two weeks which elapsed between the date of the robbery and the date of defendant's arrest apparently with a view of impressing the jury that two weeks elapsed before the authorities suspected defendant of the commission of the crime and before any complaint was made involving the defendant. The district attorney in asking the question was seeking to show the complaint involving the defendant had been made immediately after the robbery, but that he had delayed making the arrest hoping to catch the defendant at Sibley some night with the pistol on his person which had been taken from the prosecut-

ing witness, Tooke, by the robber. The question was not answered, and the court instructed the jury to disregard any opinion evidence that might have crept into the trial."

The question was an improper one; for the opinion of the sheriff as to who the guilty party was in his investigation of the robbery called for an opinion of the witness, and was a matter exclusively for decision by the jury; that is, the jury was to decide whether this defendant was the guilty party or not. And, as the opinion of the witness was not given to the jury, and the court instructed the jury to disregard any and all opinion evidence· which might have crept into the. record, we think that no prejudice was done the accused by the question which was ruled out.

The judgment appealed from is affirmed.

DAWKINS, J., takes no part.